**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| MARC WERNER, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-05-0821 |
| | § | |
| KPMG LLP, *et al.,* | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

The Class Action Fairness Act (CAFA)[1], enacted on February 18, 2005, expands federal jurisdiction over certain class actions that assert state-law claims.  CAFA applies to civil actions "commenced" on or before February 18, 2005.[2]  In the year since CAFA's enactment, courts have had to determine whether cases pending in state courts before February 18, 2005 can be removed to federal court based on amendments filed on or after that date.  The appellate courts and many district courts examining motions to remand such cases have stated that if an amendment adds a new party or adds a new cause of action that does not relate back to the date of the original complaint or petition, a new action may have "commenced," making removal proper under CAFA.  *See, e.g.*, *Plubell v. Merck & Co.*, __ F.3d __, No. 05-4217, 2006 WL 141661, *1 (8th Cir. Jan. 20, 2006); *Schorsch v. Hewlett*

_____

[1] Pub. L. 109-2, 119 Stat 4 (codified in sections of Title 28, U.S. Code).

[2] Pub. L. 109-2, § 9.

*Packard*, 417 F.3d 748, 750 (7th Cir. 2005); *Knudsen v. Liberty Mut. Ins. Co.*, 411 F.3d 805, 807 (7th Cir. 2005).  Some district courts reject the notion that post-CAFA amendments trigger a relation-back analysis, instead holding that a civil action "commences" only once under CAFA.  *See, e.g., Weekly v. Guidant Corp.*, 392 F. Supp. 2d 1066 (E.D. Ark 2005); *Comes v. Microsoft*, __ F. Supp. 2d __, No. 05-CV-562, 2005 WL 3454427 (S.D. Iowa Nov. 22, 2005).

The issue before this court is the effect of post-CAFA pleadings on the removability of a class action filed in a Texas state court before CAFA.  Before February 18, 2005, the removing parties were sued in a third-party petition under a Texas statute permitting "designation" of "responsible third parties."[3]  Before February 18, 2005, the removing parties filed a responsive pleading to this third-party petition, denying that they were properly designated as "responsible third parties" and filing a cross-claim and a fourth-party petition designating "responsible third parties" and asserting contribution rights against them.  One of the removing parties also filed a breach of contract claim against the plaintiffs.  After February 18, 2005, the plaintiffs sued the removing parties directly, and they removed to this court.  Plaintiffs moved to remand.

Whether this case was properly removed depends on whether those removing became "parties" before or after February 18, 2005.  This court concludes that this action "commenced" as to the individual and entities on whom CAFA removability depends before

---

[3] Tex. Civ. Prac. & Rem. Code § 33.004.

2

February 18, 2005.  Because there is no other basis to trigger CAFA's application, or any independent basis for federal jurisdiction, this case is remanded to state court.  The reasons are set out below.

## I.      Background

The named plaintiffs, two investors in two Texas limited partnerships, the St. James Capital Partners L.P. and St. James Merchant Bankers L.P., filed an original petition against KPMG in Texas state court on December 14, 2004.  Plaintiffs alleged that as an outside auditor for the partnerships, KPMG facilitated the general partners' mismanagement and self-dealing, in violation of Texas law.  Plaintiffs sought class certification under Texas law on behalf of investors in the partnerships.

On January 6, 2005, KPMG filed a third-party complaint "designating" the general partners and individuals involved in managing the limited partnerships as "responsible third parties" under Section 33.004 of the Texas Civil Practice and Remedies Code.  That statute, amended in 2003, allows a defendant to designate "responsible third parties" whose fault will be submitted to the finder of fact without making them "parties" to the suit.  A responsible third party may include "any person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought . . . ." TEX. CIV. PRAC. & REM. CODE § 33.011(6).  The defendant may introduce evidence about the designated responsible third parties' role in the alleged injury or damages and ask the factfinder to include those designated in allocating responsibility.  The responsible third parties are not limited to those who can be made parties in the traditional sense; responsible third parties may be persons or

entities outside the court's jurisdiction, unable to be sued, or even unknown.  TEX. CIV. PRAC. & REM. CODE § 33.004.

Section 33.004 does not require a designated responsible third party to file an answer or responsive pleading, and a failure to do so cannot result in a default judgment.  A finding of responsibility against a designated responsible third party cannot "impose liability on the person" and by itself has no preclusive effect.  *Id.* at § 33.004(i).  If a person or entity is designated as a responsible third party, the plaintiff can join that person or entity as a party in the suit, without a limitations bar that otherwise might have arisen, if the plaintiff proceeds against the designated responsible third party within sixty days after the designation was filed.  *Id.* at § 33.004(e).

After plaintiffs filed their class action suit against KPMG in state court, but before CAFA's enactment, KPMG designated as responsible third parties a group of related entities collectively referred to as the "St. James Entities," the general partners of the two limited partnerships.[4]  KPMG also designated three individuals, Charles E. Underbrink, John L. Thompson, and Alan D. Feinsilver.  Underbrink and Thompson controlled one of the St. James Entities, St. James Capital Corp.; Thompson served as President and Chief Operating Officer and Underbrink served as Chairman and Chief Executive Officer.  The pleadings do not make Feinsilver's alleged role clear.

---

[4] St. James Capital Partners, L.P., St. James Capital Corp., SJMB, L.L.C. d/b/a St. James Merchant Bankers, L.L.C., and St. James Merchant Bankers, L.P. (collectively, the "St. James Entities").

4

On January 31, 2005, the St. James Entities and Underbrink answered KPMG's third-party petition.  They denied responsibility for any of the injuries or damages alleged.  They cross-claimed against Thompson, asserting that he should be a designated responsible third party and that he was liable for contribution and indemnity,[5] not limiting their contribution and indemnity claims to Section 33.004.  The St. James Entities and Underbrink also filed fourth-party claims under the Texas responsible third party statute against additional individuals and entities collectively referred to as the "Doerge Defendants,"[6] who were not designated as responsible third parties by KPMG, and asserted claims for contribution and indemnification (not limited to Section 33.004) against the Doerge Defendants.  Finally, the St. James Entities — but not Underbrink — asserted causes of action against the plaintiffs for breach of contract and sought damages.[7]

On March 7, 2005, plaintiffs answered and amended their petition to assert damages claims directly against not only KPMG, but also the St. James Entities and Underbrink, for fraud, breach of fiduciary duty, knowing participation, and violations of the Texas Securities

---

[5] Indemnity is used in the pleadings to mean a claim to contribution for all damages, not a contractual right.

[6] These additional individuals and entities are David J. Doerge, Doerge Capital L.L.C., Ballis, Lewittes & Coleman, Inc. d/b/a Doerge Capital Management (collectively, the "Doerge Defendants").

[7] There is no convenient label for the claims asserted by the St. James Entities against the plaintiffs. *See* CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, 6 FEDERAL PRACTICE AND PROCEDURE § 1458 at 447 (2d ed. 1990) ("There is some inconsistency in the cases as to the proper way of denominating claims by the third-party defendant against the original plaintiff.  Some courts refer to them as cross-claims and other courts call them counterclaims.  Technically, neither term is appropriate. . . .  The denomination of a claim by a third-party defendant against plaintiff is of no practical import when it clearly is within the scope of the sixth sentence of Rule 14(a).") (footnotes and citations omitted).

Act.  On March 15, 2005, the St. James Entities and Underbrink removed the suit to federal court based on minimal diversity jurisdiction under CAFA.  (Docket Entry No. 1).  Plaintiffs have filed a motion to remand, (Docket Entry No. 94), to which the various defendants have responded, (Docket Entry Nos. 96, 97, 100).  Plaintiffs have replied, (Docket Entry No. 101), and the defendants have surreplied, (Docket Entry Nos. 107, 113).  Plaintiffs and certain defendants have also filed letter briefs and supplemental materials on this issue.  (Docket Entry Nos. 148, 150).  The issue is whether CAFA applies so as to make the case removable.[8]

## II.    The Class Action Fairness Act

CAFA broadened federal court jurisdiction over class actions that are based on state law.  Under CAFA, subject to certain exceptions and exclusions, a defendant may remove a class action to federal court if: (1) minimal diversity exists; (2) the aggregate amount in controversy exceeds $5,000,000; and (3) the proposed class includes more than 100 people.  Pub. L. 109-2, 119 Stat. 4 (2005), § 4.  In addition to changing the jurisdictional basis to minimal diversity for covered cases, CAFA changed removal practice under the statute.  Cases subject to CAFA may be removed by a single defendant, eliminating the rule that all defendants must consent to removal.  The one-year limit on removing diversity cases is

---

[8] On March 17, 2005, Underbrink filed an amended cross-claim for contribution under Texas law against Thompson.  On March 21, 2005, Thompson filed a voluntary petition for Chapter 11 bankruptcy.  On March 24, 2005, this court stayed the proceedings against Thompson.  (Docket Entry No. 10).  On April 4, 2005, the St. James Entities and Underbrink filed an Amended Notice of Removal, adding bankruptcy jurisdiction to support their earlier removal of this case to federal court.  (Docket Entry Nos. 25, 27).  At oral argument on the motion to remand, the defendants dropped the claim of bankruptcy jurisdiction and agreed to amend the removal notice orally to omit reference to federal bankruptcy jurisdiction.  (Docket Entry No. 155).

eliminated.  CAFA, however, applies only to "civil actions" "commenced" on or after February 18, 2005.

### A.    The Issue of Burden

As an initial matter, the parties dispute which side has the burden of proof on the motion to remand.  The established rule is that because the party seeking to invoke federal jurisdiction has the burden of proof, the removing party has the burden of showing the propriety of removal.  *See Delgado v. Shell Oil Co.*, 231 F.3d 165, 178 n.25 (5th Cir. 2000); *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 921–22 (5th Cir. 1997); *see also Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) ("[T]here is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court.").

The text of CAFA says nothing about the burden of proof on removal.  Several courts have held that CAFA nonetheless shifted the burden to the plaintiff to demonstrate that federal jurisdiction does *not* exist.  *See Harvey v. Blockbuster, Inc.*, 384 F. Supp. 2d 749, 752 (D.N.J. 2005); *Judy v. Pfizer, Inc.*, No. 4:05CV1208RWS, 2005 WL 2240088, *1–2 (E.D. Mo. Sep. 14, 2005); *In re Textainer Partnership Sec. Litig*, No. C 05-0969 MMC, 2005 WL 1799740, *3 (N.D. Cal. Jul. 27, 2005); *Waitt v. Merck & Co., Inc.*, No. C05-0759L, 2005 WL 1799740, *2 (W.D. Wash. Jul. 27, 2005); *Yeroushalmi v. Blockbuster, Inc.*, No. CV 05-225-AHM(RCX), 2005 WL 2083008, *3 (C.D. Cal. Jul. 11, 2005); *Berry v. Am. Express Pub., Corp.*, 381 F. Supp. 2d 1118, 1122–23 (C.D. Cal. 2005); *Natale v. Pfizer, Inc.*, 379 F. Supp. 2d 161 (D. Mass. 2005), *aff'd on other grounds*, 424 F.3d 43 (1st Cir. 2005).  These courts have relied on the following portions of the Act's legislative history:

7

Overall, new section 1332 is intended to expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.

As noted above, it is the intent of the Committee that the named plaintiff(s) should bear the burden of demonstrating that a case should bear the burden of demonstrating that a case should be remanded to state court (e.g., the burden of demonstrating that more than two-thirds of the proposed class members are citizens of the forum state). Allocating the burden in this manner is important to ensure that the named plaintiffs will not be able to evade federal jurisdiction with vague class definitions or other efforts to obscure the citizenship of class members. The law is clear that, once a federal court properly has jurisdiction over a case removed to federal court, subsequent events generally cannot "oust" the federal court of jurisdiction. While plaintiffs undoubtedly possess some power to seek to avoid federal jurisdiction by defining a proper class in particular ways, they lose that power once a defendant has properly removed a class action to federal court.

\* \* \*

It is the Committee's intention with regard to each of these exceptions that the party opposing federal jurisdiction shall have the burden of demonstrating the applicability of an exemption. Thus, if a plaintiff seeks to have a class action remanded under section 1332(d)(4)(A) on the ground that the primary defendants and two-thirds or more of the class members are citizens of the home state, that plaintiff shall have the burden of demonstrating that these criteria are met by the lawsuit.

*Judiciary Committee Report on Class Action Fairness Act*, S. REP. NO. 109-14, at 42–44 (1st Sess. 2005), reprinted in 2005 U.S.C.C.A.N. 3, 2005 WL 627977.  Two members of the House of Representatives made similar statements.  *See* 151 Cong. Rec. H727-730 (Statement of Rep. Sensenbrenner); *id.* at H732 (Statement of Rep. Goodlatte).

A number of courts have held that Congress's silence means that CAFA did not change the burden of proving federal jurisdiction when a motion to remand is filed. *See Plummer v. Farmers Group, Inc.*, 388 F. Supp. 2d 1310, 1317–18 (E.D. Okla. 2005); *Ongstad v. Piper Jaffray & Co.*, __ F. Supp. 2d __, No. 1:05 CV 108, 2006 WL 14399, *4 (D.N.D. Jan. 4, 2006); *Judy v. Pfizer, Inc.*, No. 4:05CV1208RWS, 2005 WL 2240088, *2 (E.D. Mo. Sept. 14, 2005); *Schwartz v. Comcast, Corp.*, No. Civ. A. 05-2340, 2005 WL 1799414, *4 (E.D. Pa. July 28, 2005); *In re Expedia Hotel Taxes and Fees Litig.*, 377 F. Supp. 2d 904, 905 (W.D. Wash. 2005); *Sneddon v. Hotwire, Inc.*, No. C 05-0951 SI, C 05-0952 SI, C 05-0953 SI, 2005 WL 1593593, *1 (N.D. Cal. June 29, 2005). The Seventh Circuit forcefully summarized the reason for rejecting reliance on legislative history to change the burden of proof when the statute does not address the issue:

> The rule that the proponent of federal jurisdiction bears the risk of non-persuasion has been around for a long time. To change such a rule, Congress must enact a statute with the President's signature (or by a two-thirds majority to override a veto). A declaration by 13 Senators will not serve.

*Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005) (citations omitted).

The textual silence on the burden of proof, which contrasts with Congress's express provisions changing a number of aspects of removal practice for cases that fall under CAFA, leads this court to join those holding that the party opposing remand continues to bear the burden of proving federal jurisdiction. In this case, the St. James Entities and Underbrink, the removing defendants, bear the burden of demonstrating that this case "commenced" as to them on or after February 18, 2005.

9

**B.      When an Action is "Commenced" under CAFA**

Section 9 of CAFA states that the statute applies only to civil actions "commenced on or after the date of enactment of this Act."  Pub. L. 109-2, § 9.  The Fifth Circuit has not yet interpreted this provision.  The courts of appeals examining the issue have held that a federal court determines when a lawsuit is "commenced" for the purpose of CAFA by looking to state law.[9]  *See Plubell v. Merck & Co.*, __ F.3d __, No. 05-4217, 2006 WL 141661, *1 (8th Cir. Jan. 20, 2006); *Bush v. Cheaptickets, Inc.*, 425 F.3d 683, 689 (9th Cir. 2005); *Natale v. Pfizer, Inc.*, 424 F.3d 43, 44 (1st Cir. 2005); *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090 (10th Cir. 2005); *Knudsen v. Liberty Mut. Ins. Co.*, 411 F.3d 805 (7th Cir. 2005); *see also Bush*, 425 F.3d at 688 (comparing the CAFA provisions with 28 U.S.C. § 1446(b), which also refers to "commencement" of a suit and stating that "a federal court must honor state court rules governing commencement of civil actions when an action is first brought in state court and then removed to federal court") (quoting *Cannon v. Kroger Co.*, 837 F.2d 660, 664 (8th Cir. 1998)).  Most district courts in other circuits addressing this issue have agreed with this approach.  *See, e.g.*, *Zuleski v. Hartford Accident and Indem. Co.*, No. Civ. A. 2:05-0490,

---

[9]  The courts of appeals have heard these claims under CAFA's interlocutory appeal provision, which permits a court of appeals to "accept [or deny] an appeal from an order of a district court granting or denying a motion to remand a class action to the State court from which it was removed if application is made to the court of appeals not less than 7 days after entry of the order."  28 U.S.C. § 1453(c)(1) (2005 Supp.).  This provision, also enacted as part of CAFA, creates an exception to the traditional rule that remand orders are not appealable.  *Compare* 28 U.S.C. § 1447(d) (2000) ("An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise.").

2005 WL 2739076, *2 (S.D.W. Va. Oct. 24, 2005); *Yescavage v. Wyeth, Inc.*, No.

205CV294FTM33SPC, 2005 WL 2088429, *3 (M.D. Fla. Aug. 30, 2005).[10]

In *Knudsen*, the Seventh Circuit addressed the impact of post-CAFA amendments

filed in a suit pending in state court before CAFA.  The court held that the amendments in

the case did not make CAFA applicable, requiring remand.[11]  In addressing the parties'

arguments, the court discussed what a district court should consider when analyzing post-

CAFA amendments in a pre-CAFA suit:

> As we have already hinted, however, a new claim for relief (a
> new "cause of action" in state practice), the addition of a new
> defendant, or any other step sufficiently distinct that courts
> would treat it as independent for limitations purposes, could
> well commence a new piece of litigation for federal purposes
> even if it bears an old docket number for state purposes.
> Removal practice recognizes this point: an amendment to the
> pleadings that adds a claim under federal law (where only state

---

[10]  The importance of state law in this determination is nicely illustrated by *Dinkel v. General Motors Corp.*, 400 F. Supp. 2d 289 (D. Me. 2005), in which the court analyzed a motion to remand a case removed from Kansas state court.  In most states, as under federal law, an action is commenced when the complaint or petition is filed.  FED. R. CIV. P. 3.  In Kansas, an action is "commenced" when it is filed — if process is served within ninety days thereafter.  KAN. STAT. ANN. § 60-230(a) (Rules of Civil Procedure, Commencement of Action).  The plaintiffs filed a purported class action on February 17, 2005, one day before CAFA's enactment.  *Dinkel*, 400 F. Supp. 2d at 291.  The plaintiffs served some, but not all, of the defendants within the prescribed ninety days.  The plaintiffs served three remaining defendants several months after CAFA's enactment.  *Id.*  Timely removal followed and the motion to remand was denied.  As to those three defendants, the action was "commenced" after CAFA's enactment.  *Id.*  Because a single defendant can remove a case under CAFA, these defendants successfully removed the entire lawsuit.  The plaintiffs realized their tactical error and voluntarily dismissed the removing defendants from the case, but the district court found that this did not affect CAFA jurisdiction.  "The Removal Defendants . . . promptly removed the entire case under CAFA on July 25, 2005.  Dinkel's later dismissal of the Removal Defendants cannot retroactively make the lawsuit improperly removed, and Dinkel cannot undo the transformation of his lawsuit that occurred when he served the Removal Defendants after ninety days from his original state court filing."  *Id.* at 294.

[11]  The post-CAFA amendment simply corrected the name of a "nonparty corporate sibling" named as a defendant.  *Knudsen*, 411 F.3d at 808.

11

claims had been framed before), or adds a new defendant, opens a new window of removal. 28 U.S.C. § 1446(b). *See* CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, 14C FEDERAL PRACTICE & PROCEDURE § 3732 at 311–48 (3d ed. 1998). We imagine, though we need not hold, that a similar approach will apply under the 2005 Act, perhaps modeled on FED. R. CIV. P. 15(c), which specifies when a claim relates back to the original complaint (and hence treated as part of the original suit) and when it is sufficiently independent of the original contentions that it must be treated as fresh litigation. *See also Schiavone v. Fortune*, 477 U.S. 21 (1986); *Arendt v. Vetta Sports, Inc.*, 99 F.3d 231 (7th Cir. 1996).

*Knudsen*, 411 F.3d at 807 (citations in original).

The Seventh Circuit expanded this explanation in *Schorsch v. Hewlett Packard*. In that case, a post-CAFA amendment in a pending case broadened the class definition, expanding the number of class members. *Schorsch*, 417 F.3d at 749. The putative class plaintiffs had sued Hewlett-Packard on behalf of all individuals who had purchased drum kits for use in the company's printers. In amending the complaint, the plaintiffs expanded the class from purchasers of drum kits containing an allegedly defective computer chip to purchasers of all "printer consumables" with the chip. *Id.* at 749–50. After the plaintiffs filed the amended complaint, the defendant removed under CAFA.

The Seventh Circuit ordered the case remanded. The court noted that the amended complaint added to the number of absent class members, but did not add "parties" to the suit. *See id.* at 750 ("Class members are represented vicariously but are not litigants themselves.") (citing *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997)). The court followed the *Knudsen* ruminations and looked to the state law on relation back to determine whether the

amendment expanding the class definition created a new "commencement" date under CAFA. *Schorsch*, 417 F.3d at 750. The Illinois relation-back rule, which was "functionally identical" to Rule 15(c), allowed an amended claim to relate back to the original complaint "when it arises out of the same transaction or occurrence as the one identified in the original complaint." *Schorsch*, 417 F.3d at 751 (citing *Mayle v. Felix*, __ U.S. __, 125 S. Ct. 2562 (2005)). Under this standard, the amended claim covered the same "transaction" and related back to the original, pre-CAFA complaint.

In its analysis, the Seventh Circuit expanded on what the court in *Knudsen* had imagined but not held, stating that it could "imagine amendments that kick off wholly distinct claims, but the workaday changes routine in class suits do not." *Id.* at 751. The court identified two categories of amendments that could "commence" a new suit for the purpose of removal under CAFA. "[A] defendant added [after the effective date] could remove because suit *against it* would have been commenced after the effective date, and tacking a wholly distinct claim for relief onto an old suit likewise might commence a new proceeding." 417 F.3d at 749 (emphasis in original). But in *Schorsch*, the amendment did not add parties — named plaintiffs or defendants — or claims to the suit. No new action "commenced" after CAFA, requiring remand.[12]

---

[12] One court reached a different result on a similar issue. In *Senterfitt v. SunTrust Mortgage, Inc.*, 385 F. Supp. 2d 1377 (S.D. Ga. 2005), a post-CAFA complaint amendment changing the class period from four years to twenty years did not relate back; the amendment was treated as "commencing" a new action that was subject to CAFA. The court embraced the Seventh Circuit's *Knudsen* opinion but rejected *Schorsch* because "the Seventh Circuit's treatment of relation back in the context of increasing the size of a class action appears to differ from the Eleventh Circuit's approach." *Senterfitt*, 385 F. Supp. 2d at 1389 n.3 (comparing *Wood v. Woracheck*, 618 F.2d 1225, 1229 (7th Cir. 1980) ("A plaintiff may usually amend his complaint

A later Seventh Circuit panel similarly concluded that post-CAFA amendment of a pre-CAFA complaint to correct a scrivener's error naming a defendant and to expand the class from a statewide class action to a nationwide class action constituted the sort of "workaday change" mentioned in *Schorsch* and did not commence a new action for the purpose of removal. In *Schillinger v. Union Pac. R.R. Co.*, 425 F.3d 330 (7th Cir. 2005), the court concluded that because the claims and defendant remained the same, "the potential for a larger amount of legal research and discovery in and of itself is not a significant enough step to create new litigation" for CAFA removal. *Id.* at 334. And in *Phillips v. Ford Motor Co.*, __ F.3d __, No. 05-8031, 05-8032, 2006 WL 217942 (7th Cir. Jan. 30, 2006), the Seventh Circuit clarified that amending to add a different named plaintiff to a class action did not commence a new suit in state court. The circuit used the state relation-back rule,

---

under Rule 15(c) to . . . add additional plaintiffs where the action, as originally brought, was a class action.") *with Cliff v. Payco Gen. Am. Credits, Inc.*, 363 F.3d 1113, 1132 (11th Cir. 2004)). In *Cliff*, "the Eleventh Circuit recently explained that amended pleadings adding plaintiffs will not relate back if the addition unfairly prejudices the defendant or if the original complaint did not provide adequate notice of the nature of the new proposed class." *Senterfitt*, 385 F. Supp. 2d at 1380 (citing *Cliff*, 363 F.3d at 1131–33). Because the amended complaint in *Senterfitt* required the defendant to defend against a significantly larger class spanning an additional sixteen years, the court determined that allowing the amended complaint to relate back to the original filing date would deprive the defendant of adequate notice and cause unfair prejudice. Accordingly, the amended complaint did not relate back to the originally filed complaint, and the defendant had the opportunity to remove under CAFA. *Id.* at 1380–81.

Another court has held that a post-CAFA amendment to a pending state court complaint changing the suit from an individual action to a class action permits removal under CAFA. In *Plummer v. Farmers Group*, 388 F. Supp. 2d 1310 (E.D. Okla. 2005), the plaintiff filed an individual claim before CAFA's enactment and later amended the complaint to convert the suit into a class action, with several additional claims. *Id.* at 1312. The defendants argued that the plaintiffs "commenced" a new suit by filing the amended complaint. *Id.* at 1313. The court held that the transactions and occurrences alleged on behalf of the newly-asserted class members were not "closely related" to the claims asserted by the original plaintiff, which meant that the attempted amendment did not relate back. *Id.* at 1316. The court denied the motion to remand.

noting that new representative plaintiffs could be substituted for those originally named and have their claims relate back to the original named plaintiffs' complaint.

In the present case, plaintiffs characterize the Seventh Circuit's analysis of the effects of adding a new defendant in a post-CAFA amended pleading as *dicta* that should not be followed. Plaintiffs cite *Weekly v. Guidant Corp.*, 392 F. Supp. 2d 1066 (E.D. Ark. 2005), in which the court rejected the approach "imagined" in *Knudsen* and concluded that no amendment could make a case pending before CAFA removable under that statute. In *Weekly*, a post-CAFA complaint amendment converted the case from an individual action to a class action. The defendant removed the case under CAFA. The federal district court looked to Federal Rule of Civil Procedure 3 and the corresponding state procedural rule, both of which provided that an action is "commenced" on the filing of a complaint. *Id.* at 1067. The plaintiff filed her complaint before February 18, 2005. The court concluded that CAFA did not apply regardless of the amended complaint. Because "Congress did not say that the Class Action Fairness Act would apply to actions in which the complaint was amended after February 18, 2005, so as to make the action removable," the court granted the motion to remand. *Weekly*, 392 F. Supp. 2d at 1067. The issue before the court in *Weekley* did not require it to consider the added nuance of the "commencement" inquiry under CAFA when a new defendant is added to a case. If an amended pleading adds defendants, a court must look to when and whether the action was "commenced" as to each party.

Other district courts have followed *Weekley's* approach. *See Smith v. Collingsworth*, No. 4:05CV01382-WRW, 2005 WL 3533133 (E.D. Ark. Dec. 21, 2005); *Comes*, 2005 WL

15

3454427, at *5.  In a slightly different context, another court rejected the use of relation-back limitations concepts to decide when a case "commences" for the purpose of CAFA removal. In *Lussier v. Dollar Tree Stores, Inc.*, No. CV 05-768-BR, 2005 WL 2211094 (D. Or. Sept. 8, 2005), the plaintiffs filed a class action on February 14, 2005, but did not serve the defendant until April 29, 2005.  *Id.* at *1.  Oregon Rule of Procedure 3 provides, "Other than for purposes of statutes of limitations, an action shall be commenced by filing a complaint with the clerk of the court."  Oregon Revised Statute § 12.020 provides that "for purposes of determining whether an action has been commenced within the time limited, an action shall be deemed commenced as to each defendant, when the complaint is filed, and the summons served on the defendant . . . . If the first publication of summons or other service of summons in an action occurs before the expiration of 60 days after the date on which the complaint in the action was filed, the action against each person of whom the court by such service has acquired jurisdiction shall be deemed to have been commenced upon the date on which the complaint in the action was filed."  OR. REV. STAT. § 12.020(a)(1)–(2).  The defendant argued that the lawsuit did not commence against it until the plaintiff effected service on April 29, 2005.  The court rejected the defendant's reliance on the state-law provisions for service of process because those provisions related to when limitations applied to bar a suit, not when the suit "commenced."  There was no limitations issue in the removed lawsuit.  The court held that under state law, the case "commenced" against the defendant before CAFA and required remand.  *Lussier*, 2005 WL 2211094, at *3.

16

The Seventh Circuit's analysis in *Knudsen* and subsequent cases is echoed by a number of courts.[13]  The Eighth Circuit's recent opinion in *Plubell v. Merck & Co.*, __ F.3d __, No. 05-4217, 2006 WL 141661 (8th Cir. Jan. 20, 2006), rejects the *Weekly* analysis (from a district court in that circuit) and adopts the Seventh Circuit approach, without discussion. In *Plubell*, the court did not simply state that a class action is "commenced" only once, when the original complaint is filed.  Instead, the court examined whether the amended pleading related back to the filing of the original complaint or whether it "commenced" a new action. The Eighth Circuit concluded that substituting a new class representative did not "commence" a new action that would make CAFA applicable.  In reaching that conclusion, the court followed the Seventh Circuit's approach to analyzing the effect of amended pleadings on removal jurisdiction under CAFA, rather than the approach taken in *Weekly*. *See Plubell*, 2006 WL 141661, at *1 (citing *Schorsch*, 417 F.3d at 751).

Most courts examining post-CAFA pleading amendments in a suit pending pre-CAFA recognize that such amendments can commence a "new" lawsuit and create federal removal jurisdiction.  Most of these courts have examined amendments that changed the claims rather than the parties, concluding that such amendments "relate back" to the original complaint and

---

[13]  In *Lee v. Citimortgage, Inc.*, No. 4:05CV1216JCH, 2005 WL 2456955 (E.D. Mo. Oct. 5, 2005), the court held that a complaint amendment asserting "additional factual allegations that elaborate plaintiff's original claims" related back to the original, pre-CAFA complaint.  *Id.* at *2.  In *Comes v. Microsoft Corp.*, the court held that "plaintiffs are not seeking recovery for a new claim against Microsoft and the additional four paragraphs in a 94-page complaint do not create a 'wholly distinct claim' such that it has commenced a new civil action under the CAFA."  2005 WL 3454427, at *5.  In *Judy v. Pfizer, Inc.*, No. 4:05CV1208RWS, 2005 WL 22400088 (E.D. Mo. Sept. 14, 2005), the court remanded a case removed under CAFA following the filing of an amended complaint that only elaborated on the facts and refined the legal theories from generic "common law" and "statutory fraud" claims to specific claims of negligence, negligence *per se*, breach of express warranty, and breach of implied warranty.  *Id.* at *3.

avoid CAFA.  These courts do not apply relation-back rules because the CAFA issue turns on a limitations bar or because limitations has any role in the analysis.  Rather, the relation-back concept is applied as an analytic tool, a way of determining whether amended pleadings so change the claims or parties as to be a new civil action, rather than a "workaday change" that continues a pending action.

Amendments that add a defendant "commence" the civil action as to the added party, and courts have consistently stated that such amendments would allow the newly-named defendant to remove.  *Knudsen*, 411 F.3d at 808; *Schorsch*, 417 F.3d at 749.  The issue is whether and when complaints or petitions amended post-CAFA in fact add a party, so as to "commence" the action as to that party.  Courts have found that an amendment to correct errors in naming a defendant, such as the spelling of the defendant's name, does not add a defendant or "commence" a new action.  *Eufala Drugs, Inc. v. Scripsolutions*, No. 2:05CV370-A, 2005 WL 246746, *4 (M.D. Ala. Oct. 6, 2005); *New Century Health Quality Alliance, Inc. v. Blue Cross Blue Shield of Kansas City, Inc.*, No. 05-0555-CVWSOW, 2005 WL 2219827, *4–5 (W.D. Mo. Sept. 13, 2005); *Morgan v. Am. Int'l Group, Inc.*, No. C-05-2798 MMC, 2005 WL 2172001, *2–3 (N.D. Cal. Sept. 8, 2005).  By contrast, adding a defendant after CAFA's effective date does allow that defendant to remove because the civil action has newly commenced as to that defendant.  *Adams v. Federal Materials Co.*, No. Civ.A. 5:05CV-90-R, 2005 WL 1862378 (W.D. Ky. July 28, 2005), demonstrates this point.

In *Adams*, the plaintiffs initially filed a class action against two parties, Federal and Hanson, in state court long before CAFA's enactment.  Seven days after CAFA's enactment,

Federal filed a third-party complaint against a new party, the Rogers Group.  *Id.* at *1.  The plaintiffs subsequently filed an amended complaint asserting claims directly against the Rogers Group, which removed under CAFA.  The federal district court noted that the addition of a new defendant may "open a new window of removal."  *Id.* at *3 (quoting *Knudsen*, 411 F.3d at 807).  The court relied on "[t]he general rule for statute of limitations purposes that 'a party brought into court by an amendment, and who has, for the first time, an opportunity to make defense to the action, has a right to treat the proceeding, as to him, as commenced by the process which brings him into court.'"  *Adams*, 2005 WL 1862378, at *3 (quoting *United States v. Martinez*, 195 U.S. 469, 473 (1904)).  In light of CAFA's dramatic changes to removal practice, precedent, and the policy aims of CAFA to increase, rather than reduce, federal jurisdiction over class actions filed in state court, the court agreed with the defendants' "argument for a construction of the CAFA which defines the term 'commenced' from the point of view of *each defendant* rather than the plaintiff."  *Adams*, 2005 WL 1862378, at *4 (emphasis added).  The court held that the plaintiffs' "decision to add Rogers Group as a defendant present[ed] precisely the situation in which it can and should be said that a new action has 'commenced' for purposes of removal pursuant to CAFA" and denied the motion to remand.  *Adams*, 2005 WL 1862378, at *4.  The removing defendants rely heavily on this case in arguing for federal jurisdiction in the present case.

Although courts are not uniform in their interpretation of the effect of pleading amendments on CAFA removability, the appellate cases considering the issue have used a consistent approach.  State law determines when a lawsuit is "commenced" in state court.

When a pending suit is amended in state court to add a new claim, courts look to relation-back rules as a way of analyzing whether the amendment so changes the action as to commence a new action rather than merely continue the previously-filed suit.  It is less clear whether state or federal law governs the "relation back" analysis under CAFA.  *See Schillinger v. Union Pac. R.R. Co.*, 425 F.3d at 335 (noting that CAFA may make state rules about statutes of limitation irrelevant to the type of commencement that is necessary for federal removal and expressly deferring resolution of the issue).  The cases also teach that a post-CAFA amendment adding a new defendant — as opposed to asserting a new claim against an existing party — may permit removal because the lawsuit "commenced" against the newly-added party post-CAFA. *See Knudsen*, 411 F.3d at 807 ("Removal practice recognizes this point: an amendment to the pleadings that adds a claim under federal law (where only state claims had been framed before), *or* adds a new defendant, opens a new window of removal." (emphasis added) (citing 28 U.S.C. § 1446(b); WRIGHT & MILLER § 3732 at 311–48 (3d ed. 1998)); *Adams*, 2005 WL 1862378, at *4 ("Plaintiffs' decision to add Rogers Group as a defendant presents precisely the situation in which it can and should be said that a new action has 'commenced' for purposes of removal pursuant to the CAFA."); *Lussier*, 2005 WL 2211094, at *3.

The issue before this court is when the removing parties, St. James Entities and Underbrink, became "parties" to the class action suit that had been filed in state court.  If they became parties before February 18, 2005, the action "commenced" as to them before

CAFA's enactment and CAFA cannot provide federal jurisdiction.  If they became parties after that date, removal is proper.

### C.    Analysis

Plaintiffs filed this class action lawsuit against KPMG on December 14, 2004, before CAFA's enactment.  That "commenced" the action under Rule 22 of the Texas Rules of Civil Procedure, which, like Rule 3 of the Federal Rules of Civil Procedure, states that an action is "commenced" when it is filed.

On January 6, 2005, KPMG filed a third-party petition designating the St. James Entities, Underbrink, Thompson, and Feinsilver as responsible third parties under Section 33.004 of the Texas Civil Practice and Remedies Code.  (Docket Entry No. 96, Ex. 2).  Under both Texas and federal law, adding a defendant generally means that the action "commences" as to that defendant.  Under Texas law, "ordinarily, an amended pleading adding a new party does not relate back to the original pleading."  *Alexander v. Turtur & Assocs.*, 146 S.W.3d 113, 121 (Tex. 2004).  Under federal law, adding a defendant generally does not relate back to the filing of the original complaint unless Rule 15(c)(3) applies.[14]

---

[14]  Rule 15(c) reads, in pertinent part:

An amendment of a pleading relates back to the date of the original pleading when

(1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or

(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or

(3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule

When an amended petition asserts a new cause of action, Texas law provides for relation back as long as the amendments are not "wholly based on a new, distinct, or different transaction or occurrence." TEX. CIV. PRAC. & REM. CODE § 16.068.  Under federal law, an amendment adding a cause of action relates back to the original complaint and is treated as part of the original suit when "relation back is permitted by the law that provides the statute of limitations applicable to the action" or the "claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." FED. R. CIV. P. 15(c)(1) and (2).

KPMG's January 6, 2005 third-party petition asserting that the St. James Entities and Underbrink were responsible third parties under Section 33.004 did not make either Underbrink or the St. James Entities "parties" to the suit.  Section 33.004, which was amended in 2003, reads:

> (a) A defendant may seek to designate a person as a responsible third party by filing a motion for leave to designate that person as a responsible third party. The motion must be filed on or before the 60th day before the trial date unless the court finds good cause to allow the motion to be filed at a later date.
>
> (b) Nothing in this section affects the third-party practice as previously recognized in the rules and statutes of this state with regard to the assertion by a defendant of rights to contribution or indemnity. Nothing in this section affects the filing of cross-claims or counterclaims.

---

4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

****

(e) If a person is designated under this section as a responsible third party, a claimant is not barred by limitations from seeking to join that person, even though such joinder would otherwise be barred by limitations, if the claimant seeks to join that person not later than 60 days after that person is designated as a responsible third party.

(f) A court shall grant leave to designate the named person as a responsible third party unless another party files an objection to the motion for leave on or before the 15th day after the date the motion is served.

(g) If an objection to the motion for leave is timely filed, the court shall grant leave to designate the person as a responsible third party unless the objecting party establishes:

> (1) the defendant did not plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirement of the Texas Rules of Civil Procedure; and

> (2) after having been granted leave to replead, the defendant failed to plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirements of the Texas Rules of Civil Procedure.

(h) By granting a motion for leave to designate a person as a responsible third party, the person named in the motion is designated as a responsible third party for purposes of this chapter without further action by the court or any party.

(i) The filing or granting of a motion for leave to designate a person as a responsible third party or a finding of fault against the person:

> (1) does not by itself impose liability on the person; and

23

> (2) may not be used in any other proceeding, on the basis of res judicata, collateral estoppel, or any other legal theory, to impose liability on the person.
>
> ****
>
> (l) After adequate time for discovery, a party may move to strike the designation of a responsible third party on the ground that there is no evidence that the designated person is responsible for any portion of the claimant's alleged injury or damage. The court shall grant the motion to strike unless a defendant produces sufficient evidence to raise a genuine issue of fact regarding the designated person's responsibility for the claimant's injury or damage.

TEX. CIV. PRAC. & REM. CODE § 33.004 (2005).  Chapter 33 applies to "any action based in tort."  TEX. CIV. PRAC. & REM. CODE § 33.002; *see also JCW Elecs., Inc. v. Garza*, 176 S.W.3d 618, 626 (Tex. App. – Corpus Christi 2005, reh'g overruled); *JHC Ventures, L.P. v. Fast Trucking*, 94 S.W.3d 762, 773 (Tex. App. – San Antonio 2002, no pet.).  Texas courts apply Chapter 33 to fraud claims and to statutory tort claims that do not include a separate and conflicting legislative fault allocation scheme.  *See Sw. Bank v. Info. Support Concepts, Inc.*, 149 S.W.3d 104, 111 (Tex. 2004).[15]

"[S]ince the 2003 amendments, responsible third parties are now *designated*, not joined.  Further, responsible third parties are no longer limited to whose who are liable to plaintiff, whose identity is known, or who is not even subject to the court's jurisdiction."

---

[15] In *Southwest Bank*, the Texas Supreme Court examined whether an earlier version of Chapter 33 conflicted with the comprehensive scheme established by the UCC.  The 2003 amendments did not affect the breadth of Chapter 33.  Texas courts hearing similar challenges to the application of Chapter 33 to tort claims have not found conflicts.  *See, e.g.*, *JCW Elecs., Inc.*, 176 S.W.3d at 626 ("Because fraud is a claim based on tort, Chapter 33 applies." (footnote and citations omitted)).

*Bueno v. Colt Beverages, Inc.*, No. Civ.A. SA04-CA24XR, 2005 WL 647026, *2 (W.D. Tex. Feb. 8, 2005) (emphasis in original); *see also* Jennifer Bruch Hogan & Richard P. Hogan, Jr., *Charging the Jury in Changing Times*, 46 S. TEX. L. REV. 973, 1010 & n.168 (2005). "In Texas tort law, the 'responsible third party' is anything but. He is not really a 'party,' and he is not really 'responsible.'" David W. Holman, *Responsible Third Parties*, 46 S. TEX. L. REV. 869, 870 (2005) (footnotes omitted).

As of January 6, 2005, when the St. James Entities and Underbrink were named in KPMG's third-party petition as responsible third parties under Section 33.004, they did not have any of the exposure or obligations of a "named party." They could not be defaulted if they did not answer or otherwise appear. Had a factfinder allocated a percentage of responsibility to Underbrink or the St. James Entities for damages, that allocation could not support a judgment against Underbrink or the St. James Entities. Indeed, that allocation would in itself have no preclusive effect. To make such a finding the basis of a judgment or to give such a finding preclusive effect, the person or entity must become a party to the lawsuit; designation as a responsible third party under Section 33.004 is not sufficient. *See* TEX. CIV. PRAC. & REM. CODE §§ 33.004(e),(i)(1) & (2); *see also* Gregory J. Lensing, *Proportionate Responsibility and Contribution Before and After the Tort Reform of 2003*, 35 TEX. TECH. L. REV. 1125, 1203 (2004) ("[R]esponsible third parties are not required to do anything for self-protection, at least from a liability standpoint. If being designated as a responsible third party threatens other interests, such as the responsible third party's reputation, the responsible third party may wish to consider intervening in the lawsuit as a

full-fledged party.").  When KPMG filed its third-party petition on January 6, 2005, the St.
James Entities and Underbrink did not become parties to the lawsuit; the case had not
"commenced" as to them.

Did Underbrink and the St. James Entities become "parties" when they filed their
responsive pleading to KPMG's third-party petition on January 31, 2005? The answer as to
the St. James Entities is answered more easily.  In that pleading, the St. James Entities (but
not Underbrink) asserted breach of contract claims against the named plaintiffs.  Under Texas
law, a "party" intervenes in a lawsuit by "filing a pleading."  TEX. R. CIV. P. 60.  A
"pleading" is defined as a "petition and answer."  TEX. R. CIV. P. 45; *see San Juan 1900-A
L.P. v. Meridian Oil, Inc.*, 951 S.W.2d 159, 164 (Tex. App. – Houston [14th Dist.] 1997, pet.
denied).  Unlike federal practice, one seeking to intervene in Texas state court need not seek
and obtain leave, but intervenes as a party on the filing of a pleading.  TEX. R. CIV. P. 60.
The St. James Entities intervened and became a party to the action when they filed breach
of contract damages claims against the plaintiffs.  The lawsuit "commenced" as to the St.
James Entities before CAFA's enactment.[16]  When the plaintiffs amended their petition after
CAFA's enactment to assert claims on behalf of the class directly against the St. James
Entities, that amendment did not add a party because the St. James Entities were already in
the case.  That amendment did not "commence" a new lawsuit under CAFA as to the St.
James Entities.

---

[16]  The parties conceded as much at the hearing on the motion to remand.

Underbrink makes a stronger case for "commencement" of a new lawsuit post-CAFA than the St. James Entities because he did not sue the plaintiffs directly pre-CAFA in his January 31, 2005 pleading.  But his arguments also fail.  Like the St. James Entities, Underbrink did not become a party to the lawsuit on January 6, 2005, when KPMG designated him as a responsible third party.  Underbrink argues that in the responsive pleading answering KPMG's third-party petition, he simply denied that he was a responsible third party and alleged that the Doerge Defendants and Thompson should be designated as responsible third parties.  A careful examination of the responsive pleading Underbrink and the St. James Entities filed does not support this argument.

The responsive pleading the St. James Entities and Underbrink both filed reads, in pertinent part:

> 43.   The Third-Party Defendants, Doerge, DCM, and Doerge Capital are Responsible Third Parties who could have been, but were not, sued by Plaintiffs in this action.  In the unlikely event of a finding, upon final trial of this matter, that the St. James Entities and Underbrink are liable to KPMG by reason of Plaintiffs' claims against KPMG, Doerge, DCM, and Doerge Capital, as Responsible Third Parties, are proper responsible third-parties under Section 33.004 of the Texas Civil Practice and Remedies Code, and the fact finder should determine their percentage of fault for any damages awarded to Plaintiffs.

> 44.   Accordingly, in the unlikely event of a finding, upon trial of this cause that KPMG is liable to the Plaintiffs and SJCP, SJCC, SJMB LP, SJMB LLC, and Underbrink are responsible third parties against whom a percentage of responsibility should be assessed within the meaning of Chapter 33 of the Texas Civil Practices & Remedies

27

Code, Doerge, DCM, and Doerge Capital would also be proper responsible third parties under Tex. Civ. Prac. & Rem. Code §§ 33.004, 33.015 & 33.016, and a percentage of responsibility should be determined by the trier of fact with respect to any damages awarded to the Plaintiffs for which SJCP, SJCC, SJMB LP, SJMB LLC, and Underbrink may be liable.

45.     The St. James Entities and Underbrink are entitled to and hereby seek contribution and/or indemnity from Doerge, DCM, and Doerge Capital toward any liability that may be found to exist from St. James Entities and Underbrink to the Plaintiffs and/or KPMG as a result of the allegations made the basis of plaintiffs' suit.

(Docket Entry No. 96, Ex. 4, ¶¶ 43–45).  The St. James Entities and Underbrink also designated Thompson as a responsible third party and made claims for "contribution and/or indemnity" against Thompson identical to those asserted in Paragraph 45.  (*Id.* at ¶¶ 46–50).

The St. James Entities and Underbrink included broad alternative claims for relief from the Doerge Defendants and Thompson in the prayer for relief, which reads, in pertinent part:

g)     in the alternative, the St. James Entities and Underbrink recover judgment against the Third-Party Defendants Doerge, Doerge Capital and DCM for contribution and/or indemnity, together with interest from the date of the cross-claimant's payment to the plaintiff;

h)     in the alternative, Cross-Claimants St. James Entities and Underbrink recover judgment against the Cross-Defendant Thompson for contribution and/or indemnity, together with interest from the date of the Cross-Claimant's payment to the plaintiff; . . .

(*Id.* at 23–24, ¶ 78(g)–(h)).

28

In the responsive pleading he filed to the responsible third party designation KPMG asserted against him, Underbrink asserted cross-claims for contribution and indemnity against Thompson (a co-third-party defendant) and fourth-party-plaintiff contribution and indemnity claims against the Doerge Defendants (the fourth-party defendants) not only under Section 33.004 of the Texas Civil Practices and Remedies Code, but also under Sections 33.015[17] and 33.016.[18] Section 33.015 applies when a defendant asserts contribution rights

---

[17] TEX. PRAC. & REM. CODE § 33.015, "Contribution," reads:

(a) If a defendant who is jointly and severally liable under Section 33.013 pays a percentage of the damages for which the defendant is jointly and severally liable greater than his percentage of responsibility, that defendant has a right of contribution for the overpayment against each other liable defendant to the extent that the other liable defendant has not paid the percentage of the damages found by the trier of fact equal to that other defendant's percentage of responsibility.

(b) As among themselves, each of the defendants who is jointly and severally liable under Section 33.013 is liable for the damages recoverable by the claimant under Section 33.012 in proportion to his respective percentage of responsibility. If a defendant who is jointly and severally liable pays a larger proportion of those damages than is required by his percentage of responsibility, that defendant has a right of contribution for the overpayment against each other defendant with whom he is jointly and severally liable under Section 33.013 to the extent that the other defendant has not paid the proportion of those damages required by that other defendant's percentage of responsibility.

(c) If for any reason a liable defendant does not pay or contribute the portion of the damages required by his percentage of responsibility, the amount of the damages not paid or contributed by that defendant shall be paid or contributed by the remaining defendants who are jointly and severally liable for those damages. The additional amount to be paid or contributed by each of the defendants who is jointly and severally liable for those damages shall be in proportion to his respective percentage of responsibility.

(d) No defendant has a right of contribution against any settling person.

[18] TEX. PRAC. & REM. CODE § 33.016, "Claim Against Contribution Defendant," reads:
(a) In this section, "contribution defendant" means any defendant, counterdefendant, or third-party defendant from whom any party seeks contribution with respect to any portion of damages for which that party may be liable, but from whom the claimant seeks no relief at the time of submission.

as between codefendants; Section 33.016 applies when a defendant asserts contribution rights against others not sued by the plaintiff.  By filing a pleading that cross-claimed against Thompson and asserted a fourth-party petition against the Doerge Defendants for contribution rights, Underbrink intervened as a party to the lawsuit, before CAFA's enactment.

Underbrink argues that he did not make himself a party by seeking contribution against Thompson and the Doerge Defendants because no judgment or finding that he was liable for any of the plaintiffs' damages could be based on KPMG's third-party petition designating him as a responsible third party under Section 33.004.  Underbrink describes KPMG's responsible third-party designation as a "phantom" claim because it could not have been the basis of a judgment against him.  Underbrink argues that although he asserted cross- and fourth-party claims for contribution against Section 33.015 and Section 33.016, he could not obtain relief on those claims because he had been sued only as a designated responsible

---

(b) Each liable defendant is entitled to contribution from each person who is not a settling person and who is liable to the claimant for a percentage of responsibility but from whom the claimant seeks no relief at the time of submission. A party may assert this contribution right against any such person as a contribution defendant in the claimant's action.

(c) The trier of fact shall determine as a separate issue or finding of fact the percentage of responsibility with respect to each contribution defendant and these findings shall be solely for purposes of this section and Section 33.015 and not as a part of the percentages of responsibility determined under Section 33.003. Only the percentage of responsibility of each defendant and contribution defendant shall be included in this determination.

(d) As among liable defendants, including each defendant who is jointly and severally liable under Section 33.013, each contribution defendant's percentage of responsibility is to be included for all purposes of Section 33.015. The amount to be contributed by each contribution defendant pursuant to Section 33.015 shall be in proportion to his respective percentage of responsibility relative to the sum of percentages of responsibility of all liable defendants and liable contribution defendants.

third party.  Under Chapter 33, however, Underbrink did not need to wait until he had been

sued by the plaintiff directly or named as a third-party defendant (as opposed to a designated

responsible third party) before he could assert contribution claims under Section 33.016.

That section broadly permits a party to assert contribution claims against any party "with

respect to any portion of damages for which that party may be liable," before the plaintiff has

asserted a claim against that party.  *Id.*  Underbrink cites cases stating that contribution is a

derivative claim in Texas to support his argument that he was not asserting a claim for

contribution other than under Section 33.004.  The cases do not support his argument.  "A

defendant's claim of contribution is derivative of the plaintiff's right to recover from the joint

defendant against whom contribution is sought."  *Shoemake v. Fogel*, 826 S.W.2d 933, 935

(Tex. 1992).  A contribution claim Underbrink had against Thompson or the Doerge

Defendants is derivative of the claim the plaintiffs could bring against those defendants.  The

test is whether such a cause of action exists, not whether it has been filed or made the basis

of a finding or judgment.  And even if Underbrink's contribution claims were later dismissed,

he filed a petition seeking affirmative relief on a contribution claim he asserted under Section

33.016 against a co-third-party defendant and a fourth-party defendant.  Under Texas law,

such a petition effects an intervention.  TEX. R. CIV. P. 45.

Underbrink specifically invoked not only Section 33.004, but also contribution and

indemnity under Sections 33.015 and 33.015.  Section 33.004 does not alter causes of action

for contribution and indemnity available to a defendant or third-party defendant in Texas.

*See* TEX. CIV. PRAC. & REM. CODE § 33.004(b) ("Nothing in this section affects the

third-party practice as previously recognized in the rules and statutes of this state with regard to the assertion by a defendant of rights to contribution or indemnity. Nothing in this section affects the filing of cross-claims or counterclaims."); *see also Whitney Nat'l Bank v. Karam*, No. H-02-2250, 2004 U.S. Dist. LEXIS 8244, *4 (S.D. Tex. Feb. 18, 2004) ("The Texas statute (section 33.004) does not establish a cause of action or a right to recovery."). Underbrink's claims for "contribution and/or indemnity" under Sections 33.015 and 33.016 are in addition to, and different from, the responsible third party designation procedure under Section 33.004. Claims for contribution and indemnity under Chapter 33 are asserted by, and against, "parties" in the traditional sense. The Texas Rules of Civil Procedure that apply to these claims, Rules 38 and 97, like Federal Rules of Civil Procedure 13 and 14, permit cross-claims and third-party claims that exceed the relief sought by the opposing party.[19] Under the Texas Rules of Civil Procedure, Underbrink had the ability to file cross-claims and fourth-party claims for contribution and indemnity beyond the responsible third party designation KPMG had asserted against him under Section 33.004. And he did so. When

---

[19] *Compare* FED. R. CIV. P. 13(c) ("A counterclaim may or may not diminish or defeat the recovery sought by the opposing party. It may claim relief exceeding in amount or different in kind from that sought in the pleading of the opposing party.") *with* TEX. R. CIV. P. 97 ("A counterclaim may or may not diminish or defeat the recovery sought by the opposing party. It may claim relief exceeding in amount or different in kind from that sought in the pleading of the opposing party, so long as the subject matter is within the jurisdiction of the court."); *and compare* FED. R. CIV. P. 14 ("The person served with the summons and third-party complaint, hereinafter called the third-party defendant, shall make any defenses to the third-party plaintiff's claim as provided in Rule 12 and any counterclaims against the third-party plaintiff and cross-claims against other third-party defendants as provided in Rule 13.") *with* TEX. R. CIV. P. 38 ("The person served, hereinafter called the third-party defendant, shall make his defenses to the third-party plaintiff's claim under the rules applicable to the defendant, and his counterclaims against the third-party plaintiff and cross-claims against other third-party defendants as provided in Rule 97.").

Underbrink asserted a cross-claim and a fourth-party claim for contribution and indemnity on January 31, 2005, he intervened to become a "party."[20]

Underbrink argues that had he tried to remove on January 31, 2005, he would not have had standing to do so. Whether a defendant can remove is not a reliable way to determine whether a case has "commenced" as to that defendant. A third-party defendant cannot remove a case to federal court on the basis of diversity jurisdiction. *See Nat'l Am. Ins. Co. v. Advantage Contract Srvs., Inc.*, 200 F. Supp. 2d 620, 621–22 (E.D. La. 2002) (holding that a third-party defendant could not remove on the basis of diversity jurisdiction following the 1990 amendments to § 1441(c)); *State of Tex. Bd. of Regents v. Walker*, 142 F.3d 813, 816–17 (5th Cir. 1998) (removal by counterclaim defendants under § 1441(c) appropriate in federal question case when the counterclaims are "separate and independent" of the original cause of action). That third-party defendant is nonetheless a "party" to the lawsuit; the suit has "commenced" as to that third-party defendant even if that party is powerless to remove the case to federal court.

In hindsight, Underbrink was between the proverbial rock and hard place. To protect his contribution rights, he had to assert them or risk waiver. *See* Lensing, *Proportionate Responsibility and Contribution Before and After the Tort Reform of 2003*, 33 TEX. TECH. L. REV. at 1162–65 (discussing a split of authority in Texas state courts over this issue and

---

[20]   Because Underbrink filed a cross-claim and fourth-party petition asserting contribution rights under Sections 33.015 and 33.016, this court does not reach the question whether, had Underbrink limited himself to asserting that others should be designated as responsible third parties under Section 33.004, that would have been an intervention commencing the action as to him.

noting that "[u]ntil the conflict is resolved and unless other considerations are at work, the prudent defendant will not risk waiving valuable contribution rights by failing to use the 'contribution defendant' mechanism and Rule 38 impleader" and citing and discussing *Casa Ford, Inc. v. Ford Motor Co.*, 951 S.W.2d 865, 975–76 (Tex. App. – Texarkana 1997, pet. denied); *BDO Seidman, LLP v. Bracewell & Patterson, LLP*, No. 05-02-00636-CV, 2003 WL 124829, at *2 (Tex. App. – Dallas Jan. 16, 2003, pet. denied); *In re Martin*, 147 S.W.3d 153 (Tex. App. – Beaumont May 13, 2004, pet. denied)).   But shortly after Underbrink asserted contribution claims, not limited to Section 33.004, CAFA was enacted.   By preserving his contribution rights against the Doerge Defendants and Thompson, Underbrink became a "party" to the lawsuit before CAFA.   His argument that the lawsuit did not "commence" against him until after CAFA became law is unpersuasive.

On March 7, 2005, after CAFA's enactment, the plaintiffs amended their petition to assert damages claims directly against the St. James Entities and Underbrink.   The removing defendants cite *Adams*, in which the court held that the plaintiff's post-CAFA amended complaint asserting claims directly against the third-party defendants "commenced" a new action as to those defendants, allowing them to remove.   *Adams,* 2005 WL 1862378, at *4. This case is different from *Adams*.   In that case, the third-party petition was not filed adding the removing parties as defendants, and the third-party defendants had not filed any claims against any other party, until after CAFA.   In the present case, the removing parties answered and filed cross-claims and fourth-party claims before CAFA.

To the extent relation-back analysis applies, the result is the same.  Under Rule 15(c), plaintiffs' claims against the St. James Entities arose from the same transactions or occurrences set forth in the original petition and in the St. James Entities's claims against the plaintiffs that were filed pre-CAFA.[21]  Under Texas law, the claims plaintiffs asserted against the St. James Entities post-CAFA are not "wholly based on a new, distinct, or different transaction or occurrence" than the claims the St. James Entities asserted against the named plaintiffs pre-CAFA.  Like the claims against the St. James Entities, the plaintiffs' claims against Underbrink for fraud, breach of fiduciary duty, knowing participation, conspiracy, ratification, and aiding and abetting arise out of the same transactions or occurrences as the pre-CAFA claims against KPMG.  *See* FED. R. CIV. P. 15(c)(2).  Under the Texas relation-back statute, TEX. CIV. PRAC. & REM. CODE § 16.068, the plaintiffs' claims against Underbrink are not "wholly based on a new, distinct, or different transaction or occurrence." The claims the plaintiffs filed directly against the St. James Entities and Underbrink in the March 7, 2005 amended petition relate back to the pleadings filed before CAFA's enactment.[22]

---

[21]  The St. James Entities's own supplemental notice of removal stated that the case should be removed in part "because all other claims are so related to the class claims asserted against the St. James Entities that they form part of the same case or controversy under Article III of the United States Constitution. Specifically, all claims, including the class claims against the St. James Entities, relate to the alleged conspiracy, misrepresentations, and fraud committed by KPMG LLP and the St. James Entities as related to St. James Capital Partners, L.P. and St. James Merchant Bankers, L.P."  (Docket Entry No. 27).

[22]  Plaintiffs cite Section 33.004(e), which provides that a plaintiff's claims against a party named as a responsible third party relate back to the original complaint, or a time before limitations expired, if the plaintiff joins that party within sixty days after designation.  TEX. CIV. PRAC. & REM. CODE § 33.004(e).  This provision does not, however, provide a basis for analyzing whether the claims the plaintiffs filed against the St. James Entities and Underbrink directly so changed the lawsuit as to "commence" a new action under

In summary, CAFA does not apply because this action "commenced" as to the removing defendants before CAFA's enactment and the plaintiffs' amended pleading filed after CAFA did not "commence" a new action.  Plaintiffs' motion to remand must be granted unless an independent basis for federal jurisdiction exists.

## -II.   Federal Jurisdiction Based on the Motions to Intervene

The defendants also contend that the later-filed motions to intervene confer federal jurisdiction.  This argument is unavailing for two related reasons.  First, the motion to remand must be decided based on the record at the time of remand.  *See, e.g.*, *Winters*, 149 F.3d at 397.  Second, the motion to remand may be supplemented for only thirty days.  *See Iwag v. Geisel Compania Maritima, S.A.*, 882 F. Supp. 597, 601 (S.D. Tex. 1995) (citing *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826 (1989); *Stafford v. Mobil Oil Corp.*, 945 F.2d 803 (5th Cir. 1991) (additional citations omitted)).  The defendants took advantage of this thirty-day window by adding related-to bankruptcy as a basis for federal jurisdiction, an argument later withdrawn.  (*See* Docket Entry Nos. 25, 27, 155.)  Nothing in the removal notice or the amended or supplemented removal notices filed within this thirty-day window assert federal jurisdiction based on an intervening party.  These claims are untimely.

---

CAFA. Under Section 33.004(e), the plaintiff has a sixty-day window following the responsible third party designation during which it may join the newly-designated party and assert claims against that party regardless of the statute of limitations.  *Knudsen* and the other decisions discussed earlier in this opinion look to state relation-back rules as a way of determining whether  amendments in a pending action so change the nature of the suit as to make it a new action. Such an approach does not justify using a specific state limitations provision that has the objective of setting or overcoming a limitations bar in a particular context to help decide when an amendment "commences" a new action for the purpose of CAFA.

III.    **Conclusion**

CAFA does not apply to this case.  Federal jurisdiction is lacking.  Plaintiffs' motion

to remand is granted.  A remand order will be entered separately.

SIGNED on February 7, 2006, at Houston, Texas.

_____

Lee H. Rosenthal
United States District Judge